22-1080-cr
*United States v. Francis*

# In the
# United States Court of Appeals
## For the Second Circuit

————

AUGUST TERM 2022

SUBMITTED: MAY 12, 2023
DECIDED: AUGUST 8, 2023

No. 22-1080-cr

UNITED STATES OF AMERICA,
*Appellee*,

*v.*

FRANCIS FRANCIS,
*Defendant-Appellant*.

————

Appeal from the United States District Court
for the Eastern District of New York.

————

Before: WALKER, LOHIER, and PÉREZ, *Circuit Judges*.

————

Defendant-Appellant Francis Francis appeals from a May 11, 2022 judgment of the United States District Court for the Eastern District of New York (Komitee, *J.*) revoking his original, three-year term of supervised release and sentencing him to three months' imprisonment followed by a new, one-year term of supervised release for violating certain conditions of his supervised release.

Francis contends that the district court erred in finding that he violated a condition of his supervised release by possessing marijuana on January 27, 2021, in violation of New York Penal Law § 221.05. First, Francis argues that the offense defined by § 221.05 was simply a state "violation," not a state "crime," and therefore his offense did not violate the mandatory condition of supervised release that he "not commit another federal, state or local crime." Second, Francis argues that even if the offense, as defined by § 221.05, constituted a "crime" for purposes of a violation of supervised release, New York's March 31, 2021 repeal of the statute operated retroactively, such that his pre-repeal conduct in contravention of it cannot serve as the basis for a violation of supervised release. We agree with the district court's conclusion that Francis violated a condition of his supervised release based on his possession of marijuana. We so hold because, irrespective of New York's classification of the offense, Francis's underlying conduct constituted a "crime" under federal law. Because this holding disposes of Francis's appeal in its entirety, we do not reach Francis's retroactivity argument.

Accordingly, we **AFFIRM** the judgment of the district court.

————

David C. James, Emily J. Dean, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee the United States of America.*

Edward S. Zas, Barry D. Leiwant, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant Francis Francis.*

———

JOHN M. WALKER, JR., *Circuit Judge*:

Defendant-Appellant Francis Francis appeals from a May 11, 2022 judgment of the United States District Court for the Eastern District of New York (Komitee, *J.*) revoking his original, three-year term of supervised release and sentencing him to three months' imprisonment followed by a new, one-year term of supervised release for violating certain conditions of his supervised release.

Francis contends that the district court erred in finding that he violated a condition of his supervised release by possessing marijuana on January 27, 2021, in violation of New York Penal Law § 221.05. First, Francis argues that the offense defined by § 221.05 was simply a state "violation," not a state "crime," and therefore his offense did not violate the mandatory condition of supervised release that he "not commit another federal, state or local crime." App'x 70. Second, Francis argues that even if the offense, as defined by § 221.05, constituted a "crime" for purposes of a violation of supervised release, New York's March 31, 2021 repeal of the statute operated retroactively, such that his pre-repeal conduct in contravention of it cannot serve as the basis for a violation of supervised release. We agree with the district court's conclusion that Francis violated a condition of his supervised release based on his possession of marijuana. We so hold because, irrespective of New York's classification of the offense, Francis's underlying conduct constituted a "crime" under federal law. Because this holding disposes of Francis's appeal in its entirety, we do not reach Francis's retroactivity argument.

Accordingly, we **AFFIRM** the judgment of the district court.

## BACKGROUND

In October 2016, Francis pleaded guilty in the Southern District of New York to one count of possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C)–(D). The district court (Marrero, *J.*) sentenced Francis principally to forty months' imprisonment followed by a three-year term of supervised release. Among other conditions of supervised release, the district court imposed the mandatory condition, pursuant to 18 U.S.C. § 3583(d), that Francis "not commit another federal, state or local crime." App'x 70. Francis completed his term of imprisonment and began his term of supervised release in July 2019. On March 8, 2021, Francis's supervision was transferred to the Eastern District of New York.

On March 12, 2021, the United States Probation Office for the Eastern District of New York filed a Violation of Supervised Release Report charging Francis with six violations of the conditions of his supervised release. The Office subsequently filed a Supplemental Report adding three charges, for a total of nine violations. As relevant on appeal, Charge Three alleged that on January 27, 2021, Francis violated the mandatory condition of supervision that he "not commit another federal, state or local crime" by "committ[ing] the crime of Unlawful Possession of Marijuana, in violation of New York State Penal Law [§ 221.05]." *Id.* at 24, 159–60.

Francis pleaded not guilty to all charges[1] and moved to dismiss three of the charges, including Charge Three, as a matter of law. With respect to Charge Three, Francis noted that New York had repealed § 221.05 effective March 31, 2021, legalizing adult recreational use and possession of marijuana and automatically nullifying any convictions under the statute. Francis argued that a violation of supervised release cannot be premised on "conduct that is no longer considered a crime" and for which convictions have been expunged by operation of law. *Id.* at 162. Francis also briefly noted that, even when the statute was in place, contravening § 221.05 was merely a violation that authorized a fine; it was not a crime punishable by incarceration.

The district court held an evidentiary hearing on the violation of supervised release charges. As to Charge Three, the government's evidence was that on January 27, 2021, a New York City Police Department detective conducted a car stop of a vehicle in which Francis was a passenger. The officer observed marijuana on Francis's lap and issued Francis a summons for unlawful possession of marijuana. Later that day, officers observed and video-recorded Francis engaging in a drug transaction. After questioning and recovering marijuana from the buyer, the officers arrested Francis for the sale of marijuana. At the time of his arrest, Francis was in possession of, among other things, two marijuana cigarettes. Officers recovered additional marijuana from Francis at the precinct after he was found smoking marijuana in his cell.

On December 8, 2021, following post-hearing briefing, the district court denied Francis's motion to dismiss and found him guilty of seven violations of the conditions of his supervised release. The

---

[1] The government notified the district court that it would not pursue two of the charges, leaving seven remaining.

district court rejected Francis's legal argument seeking dismissal of Charge Three, noting that his possession of marijuana occurred two months before the offense was decriminalized in New York. The district court stated that, although it was "hard for [it] to get very much exercised about possession of marijuana for personal use," Francis's conduct, as "clearly established by the evidence," was "still illegal" and thus "clearly a violation of the terms of supervised release." *Id.* at 325–26.

On April 28, 2022, after a ninety-day adjournment to allow Francis to demonstrate his ability to comply with his supervised release conditions (during which he exhibited continued noncompliance), the district court revoked Francis's supervised release and sentenced him to three months' imprisonment and a new, one-year term of supervised release. This appeal followed.

## DISCUSSION

On appeal, Francis challenges only his revocation on Charge Three, making two arguments. First, he argues that the offense of unlawful possession of marijuana under New York Penal Law § 221.05 was defined as a state "violation," not a state "crime," and therefore did not constitute a "federal, state or local crime" in violation of the conditions of his supervised release. Second, Francis argues that New York's repeal of § 221.05 operated retroactively and, accordingly, his pre-repeal conduct disobeying the statute cannot serve as the basis for a supervised release violation.

We review a district court's finding that a defendant has violated a condition of supervised release for abuse of discretion. *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006). For the reasons that follow, we affirm the district court's conclusion that

Francis violated a condition of his supervised release by committing the underlying offense outlined in Charge Three.

### A. Whether Disobeying New York Penal Law § 221.05 Was a "Crime" in Violation of Supervised Release

Charge Three alleged that on January 27, 2021, Francis violated the mandatory condition of supervision that he "not commit another federal, state or local crime" by "committ[ing] the crime of Unlawful Possession of Marijuana, in violation of New York State Penal Law." App'x 24. In a supplemental filing, the government clarified that it intended to prove Charge Three based on Francis's violation of New York Penal Law § 221.05. *Id.* at 159–60.

The version of § 221.05 in effect on January 27, 2021 provided that "[a] person is guilty of unlawful possession of marihuana in the second degree when he knowingly and unlawfully possesses marihuana. Unlawful possession of marihuana in the second degree is a *violation* punishable only by a fine of not more than fifty dollars." N.Y. Penal Law § 221.05 (emphasis added), *repealed by* L.2021, c. 92, § 15, eff. March 31, 2021.[2] New York Penal Law defines a "violation" as "an offense . . . for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed." *Id.* § 10.00(3). By contrast, a "crime" is defined as "a misdemeanor or a felony." *Id.* § 10.00(6). A "misdemeanor" is "an offense . . . for which a sentence to a term of imprisonment in excess of fifteen days may be imposed, but for which a sentence to a term of imprisonment in excess of one year cannot be

---

[2] New York Penal Law § 221.05 was repealed by the New York state legislature as part of the Marihuana Regulation and Taxation Act, effective March 31, 2021. 1248-A, 2021-2022 Leg., Reg. Sess. (N.Y. 2021), *codified as* N.Y. Penal Law § 222. In New York, persons twenty-one years of age or older may now lawfully "possess[] . . . up to three ounces of cannabis." N.Y. Penal Law § 222.05(1)(a).

imposed." *Id.* § 10.00(4). A "felony" is "an offense for which a sentence to a term of imprisonment in excess of one year may be imposed." *Id.* § 10.00(5). Accordingly, as we have recognized in other contexts, "under New York law, . . . a 'violation,' . . . is not within the definition of a 'crime.'" *Penree v. City of Utica*, 694 F. App'x 30, 34 (2d Cir. 2017). Relying on these definitions, Francis argues that "disobeying § 221.05 was never a state 'crime'" in violation of the condition of supervised release that he "not commit another federal, state or local crime," and therefore the district court erred in determining that he "committed a state 'crime' by possessing marijuana . . . as alleged in Charge 3."[3] Francis Br. 16.

Whether the federal supervised release statute requires defendants to abstain from acts that states treat as less serious than "crimes" is a question of first impression for this court. We have, in another context, employed a "functional approach" to determine whether a lesser state-law offense qualifies as "criminal" for purposes of federal law. *See Nowakowski v. New York*, 835 F.3d 210, 219–22 (2d Cir. 2016) (holding that the "violation" of second-degree harassment under New York Penal Law § 240.26 was "criminal in nature" to invoke the presumption of continuing collateral consequences in the

---

[3] The government asserts that Francis did not press this definitional argument before the district court and that it is thus reviewable for plain error. As noted above, Francis raised this argument—albeit in passing—in his written submission to the district court during the revocation proceedings. However, "[e]ven assuming that [Francis] failed to raise the argument below, the rule against considering arguments raised for the first time on appeal is prudential, not jurisdictional, and we are free to exercise our discretion to consider waived arguments." *United States v. Brunner*, 726 F.3d 299, 304 (2d Cir. 2013) (internal quotation marks omitted). In any case, we find that the district court committed no error, plain or otherwise.

context of Article III mootness).[4]   However, such a factor-driven analysis is not necessary where, as here, the conduct underlying the state-law offense is a "crime" under federal law.

We begin, as in all matters of statutory interpretation, with the text of the relevant statute. *In re WorldCom, Inc.*, 723 F.3d 346, 352 (2d Cir. 2013).  The federal supervised release statute, 18 U.S.C. § 3583(d), mandates that a district court "order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision."  *See* App'x 70 (listing the mandatory conditions of Francis's supervised release). We focus on two elements of the statutory language in reaching our conclusion: its listing of three types of "crimes" in the disjunctive, and its use of the word "commit."

First, even if we were to assume, *arguendo*, that a violation of New York Penal Law § 221.05 was not a "[s]tate . . . crime," accepting Francis's argument would require us to overlook the statute's two additional adjectives modifying "crime": "[f]ederal . . . or local."  18 U.S.C. § 3583(d).  Our canons of construction instruct that the word "or" "is almost always disjunctive, that is, the words it connects are to 'be given separate meanings.'"  *United States v. Woods*, 571 U.S. 31, 45–46 (2013) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)). Accordingly, Congress's use of "or" here suggests that the listed offenses that violate supervised release "are alternatives," *id.* at 46,

---

[4] A district court in the Southern District of New York (Rakoff, *J.*) subsequently applied *Nowakowski*'s functional approach to hold that second-degree harassment under § 240.26 also constituted a "crime" for purposes of a federal supervised release violation. *United States v. Patterson*, 449 F. Supp. 3d 375, 382–85 (S.D.N.Y. 2020).

with each to be afforded its "independent and ordinary significance," *Reiter*, 442 U.S. at 338–39.[5]

Second, the statute expressly refers to crimes that a defendant must not "commit," and not to any prosecutorial consequences that might follow—*e.g.*, arrest, indictment, or conviction. *See* 18 U.S.C. § 3583(d). As we have recognized, "the applicability of this condition is not dependent on the defendant's being convicted, so long as the court in the revocation proceeding finds that the defendant 'committed' such a crime"—*i.e.*, carried out the conduct satisfying the legal elements of the offense—by a preponderance of the evidence. *United States v. Chatelain*, 360 F.3d 114, 124 (2d Cir. 2004). Accordingly, it is the defendant's offense *conduct* alone that constitutes a supervised release violation, and we are not constrained by the specific (here, state) crime identified by the government as support for the violation of supervised release charge.

Our interpretation is reinforced by the Federal Sentencing Guidelines. The Guidelines' grading scheme for supervised release violations consistently uses the word "conduct" when classifying violations by severity. *See*, *e.g.*, U.S.S.G. § 7B1.1(a)(2) (defining "Grade B Violations" as "*conduct* constituting [a] federal, state, or local offense punishable by a term of imprisonment exceeding one year" (emphasis added)). The commentary to this provision of the Guidelines notes that "[a] violation of this condition may be charged

---

[5] In addition to the statute listing three separate species of "crime," the grading scheme for supervised release violations utilizes the phrase "*any* . . . federal, state, or local offense," U.S.S.G. § 7B1.1(a)(1)–(2) (emphasis added), indicating that Congress intended to encompass a broad, non-mutually exclusive range of criminal conduct. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218–19 (2008) (the word "any" "suggests a broad meaning," that is, "one or some indiscriminately of whatever kind" (internal quotation marks omitted)); *see also Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1141 (2018) (the word "any" "bespeaks breadth").

whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct." *Id.* cmt. n.1; *see also id.* ("[T]he grade of the violation is to be based on the defendant's actual conduct."); *United States v. Montgomery*, 893 F.3d 935, 940 (6th Cir. 2018) ("conduct" in the supervised release context "is broader than 'conviction' or 'crime'"). The Guidelines also acknowledge that a single violation of supervised release may be premised on multiple offenses or offenses in the alternative, providing that, "[w]here there is more than one violation . . . , or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b). Implicit is the recognition that the conduct underlying a violation of supervised release may constitute multiple offenses that have distinct classifications of severity in different jurisdictions—for example, a state "violation" and a federal "crime."

Several decisions of our sister circuits support our inclusive reading of the statute. In *United States v. Jolibois*, the defendant challenged the classification of his supervised release violation on the basis that in Washington state his possession of methamphetamine was punishable by a prison term exceeding one year (a Grade B violation), but by a term of one year or less under federal law (a Grade C violation). 294 F.3d 1110, 1112–13 (9th Cir. 2002) (citing U.S.S.G. § 7B1.1(a)). In holding that the district court properly deferred to the more serious state offense under U.S.S.G. § 7B1.1(b), the Ninth Circuit noted that "[t]he Guidelines place violations of state law on equal footing with violations of federal law when deciding whether to revoke supervised release," and that the defendant's conduct "constituted more than one offense." *Id.* at 1113. Similarly, the Sixth Circuit has noted that, even if a defendant's possession of cocaine were not a federal felony supporting a Grade B violation, his conduct

"constituted a felony under [Kentucky] state law," thereby providing an alternative, independently sufficient basis to affirm the violation grade. *United States v. Crace*, 207 F.3d 833, 837–38 (6th Cir. 2000).[6]

Finally, we note that our interpretation provides a desirable consistency to the analysis of federal supervised release violations. As we recognized in *Nowakowski*, "[s]tates have widely varying designations of offenses under their penal codes . . . . For example, elsewhere in our Circuit, Connecticut declines to designate 'violations' as crimes, while Vermont has no violations and instead labels all offenses in its penal code as felonies or misdemeanors." 835 F.3d at 220. To excuse a defendant in New York or Connecticut from a revocation of supervised release because his conduct was a state "violation," when identical conduct committed by a defendant in Vermont would have been a qualifying "crime," would be unjust in circumstances where such conduct is globally defined by federal law as a "crime." The substance of the offense and not "vagaries of nomenclature" should determine what consequences attend a defendant's post-release wrongdoing. *Id.*; *see also Patterson*, 449 F. Supp. 3d at 385. Although some inconsistency is inevitable in our system of federalism, we decline to adopt an approach that fosters disparity when uniformity is achievable.

In summary, we hold that a defendant violates a condition of his supervised release pursuant to 18 U.S.C. § 3583(d) if his conduct constitutes any one or more of a "federal crime," a "state crime," or a

---

[6] Although these cases consider a district court's revocation sentencing rather than the determination of a violation in the first instance, we find them persuasive in that they rely on the commentary to the Guidelines, which notes generally that "[a] violation of this condition may be *charged* whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct." U.S.S.G. § 7B1.1 cmt. n.1 (emphasis added).

"local crime," whether or not that crime is ever prosecuted. And here, the uncontested conduct underlying Francis's Charge Three violation—simple possession of marijuana—was a federal crime.

Under federal law, it is "unlawful for any person knowingly or intentionally to possess a controlled substance." 21 U.S.C. § 844(a). Marijuana is a Schedule I controlled substance under the Controlled Substances Act. *Id.* § 812(c). "Despite considerable efforts to reschedule marijuana, it remains a Schedule I drug." [7] *Gonzales v. Raich*, 545 U.S. 1, 15 (2005). To be sure, and as the district court recognized during Francis's revocation proceedings, "public attitudes towards [marijuana] prosecutions are changing in a very substantial way[,] and government reactions to them as well." App'x 326. Yet, although New York and many other states have legalized adult use of marijuana, possession of the drug continues to be a federal crime. *See Gonzales*, 545 U.S. at 14 (by placing marijuana on Schedule I, Congress rendered "possession of marijuana . . . a criminal offense").[8]

Francis does not contest that he engaged in the conduct underlying the offense outlined in Charge Three: that he possessed marijuana during a car stop, for which he received a summons; subsequently sold marijuana to another individual; possessed marijuana at the time of his arrest for that sale; and smoked marijuana while in custody, at which time officers found additional marijuana on his person. And it is undisputed that all of this conduct constitutes federal "criminal offense[s]." *Id.* Our reasoning is simple: Francis's

---

[7] We recently rejected a constitutional challenge to Congress's scheduling of marijuana, holding that the drug's placement on Schedule I satisfied rational basis review. *United States v. Amalfi*, 47 F.4th 114, 125–26 (2d Cir. 2022).

[8] Simple possession of a controlled substance is punishable as a federal felony for defendants, like Francis, who have prior drug convictions. *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 567–68 (2010); *see* 21 U.S.C. § 844(a).

conduct committing the federal crime of simple possession of marijuana violated the condition of his supervised release that he "not commit another federal, state, or local crime," App'x 70, regardless of how New York state law classified the offense. We therefore affirm the judgment of the district court finding that Francis violated a condition of his supervised release with respect to Charge Three. *See Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995) ("We are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied.").

## B. The Retroactive Effect of New York Penal Law § 221.05's Repeal

Because we hold that Francis violated a condition of his supervised release by committing the federal crime of simple possession of marijuana, without regard to New York State's classification of this conduct, we need not reach his alternative argument that the retroactive effect of New York's repeal of § 221.05 compels us to vacate the district court's judgment with respect to Charge Three. We express no view as to the extent to which the repeal of § 221.05 operates retroactively, or what impact, if any, a retroactive effect may have on a supervised release violation premised on a defendant's pre-repeal conduct disobeying the statute.

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.